The opinion of the court ivas delivered hy

Mr. Justice Mott.

It has been laid down in the course of the argument as a settled principle, that it is not usurious to purchase a note at a discount, if done in the ordinary course of business. So on the other hand a person may give a premium for one, without incurring the penalty against usury. Thus for instance to give the- depreciated hills of a hank in bad credit for those of one in good credit, at the rate even of two'for one, would not be unlawful. Neither would a similar exchange of the paper of two individuals. These positions I taire to be unquestionable, and so the jury were instructed in this case. But it is impossible not to see that this is not a case of that description: The plaintiff transferred a note to the defendant for seven'hundred dollars, payable by a man, who it was known had cotton ready to give in payment of it. In return he received a note payable one year after date, on which it was expressly stipulated that be should receive ten per cent for that year’s indulgence. It was therefore precisely the same as if he had sold him so much cotto-n on a credit of one year, receiving interest at the rate of tenpercent.
Suppose the plaintiff had given the defendant a bank check for seven hundred dollars in exchange for his note, for seven hundred and seventy; or had given him an order on any individual, for so much money, or for goods to that amount. It would have been an exchange of one species of paper for another; yet I apprehend that there can be no doubt but that it would have been usury. And what was the transfer of Mob- • ley’s note, but an order to pay so much money. In all cases of this description, it must be a question whether it was a bona $de purchase, or a mere shift to evade the act.
*83 And that was a question for the jury to determine. The testimony to be sure, was so clear that there was little room left for the exercise of their discretion. The court therefore ran no ..risk in telling the jury that they o,right to find for the defendant! For when the facts are clearly proved, the conclusion is a matter of law for the determination of the court. The court is satisfied with the verdict and the motion is therefore refused,
Johnson, Colcock & Richardson, Justices, concurred.